# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 20-1633V
UNPUBLISHED

| | |
|---|---|
| COURTNEY KUNYSZ,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: January 18, 2022<br><br>Motion for decision; Dismissal;<br>Human Papillomavirus (HPV)<br>Vaccine; Seizure disorder;<br>Neurological dysfunction |

*Andrew Donald Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.

*Heather L. Pearlman*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On November 20, 2020, Courtney Kunysz filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34,[2] (the "Vaccine Act"). Ms. Kunysz alleged that she suffered a seizure disorder and neurological dysfunction that were caused-in-fact from the Gardasil (HPV) vaccine she received on December 12, 2017. ECF No. 1 (Petition), at ¶ 9.

On December 6, 2021, Ms. Kunysz filed a motion for a decision dismissing her petition in order to allow her to "pursue a third party action in district court against Merck directly." ECF No. 17, at ¶ 3. Petitioner indicated that she "understands that an adverse decision by the [undersigned] dismissing the Petition will result in a judgment against her." *Id*. at ¶ 5. Furthermore, Petitioner has "been advised that such a judgment will end all of her rights in the Vaccine Program." *Id*. For the reasons set forth below, Ms. Kunysz's motion is **GRANTED**, and this case is **DISMISSED**.

---

[1] Although I have not formally designated this Decision for publication, I am required to post it on the United States Court of Federal Claims' website because it contains a reasoned explanation for the action in this case, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

To receive compensation under the National Vaccine Injury Compensation Program, a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa—13(a)(1)(A) and 11(c)(1). Examination of the record does not disclose any evidence that Ms. Kunysz suffered a "Table Injury".

Under the Vaccine Act, a petitioner may not receive compensation based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa—13(a)(1). For an "Off-Table Injury", a petitioner must establish by a preponderance of evidence that their injury was caused-in-fact by the vaccine they received. § 11(c)(1)(C)(ii)(I), §13(a)(1). In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that Petitioner is entitled to compensation. For these reasons, and in accordance with § 12(d)(3)(A), **Petitioner's claim for compensation is denied and this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

                                              **s/Brian H. Corcoran**
                                              Brian H. Corcoran
                                              Chief Special Master

---

[3] If Petitioner wishes to bring a civil action, she must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."